IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| James V. Atkins, | ) | Case No.: 08-40547-BGC-13 |
| | ) | |
| Debtor. | ) | |
| | | |
| James V. Atkins, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | A. P. No.: 08-40073 |
| | ) | |
| Titlemax, | ) | |
| | ) | |
| Defendant. | ) | |

**Memorandum Opinion**

The matters before the Court are:

1. The <u>Complaint</u> filed on August 18, 2008, by the plaintiff (Docket No. 1); and

2. A <u>Motion to Dismiss</u> filed on September 17, 2008, by the defendant (Docket No. 9).

After notice, a hearing was held on January 7, 2009. Appearing were John Jennings, Jr., attorney for the plaintiff; and Amanda Beckett, attorney for the defendant. The matters were submitted on the arguments of counsel and the pleadings.

**I. Findings of Fact**

The facts are not disputed.

On March 19, 2008, the debtor filed the pending Chapter 13 case. Main Case Docket No. 1.

On July 25, 2008, the case was dismissed. Main Case Docket No. 52.

On August 7, 2008, the defendant repossessed the debtor's automobile. <u>Complaint for Violation of the Automatic Stay</u> at 1. A.P. Docket No. 1.

On August 7, 2008, the debtor filed a Motion to Reconsider the dismissal of the case. Main Case Docket No. 54. The debtor did not seek an immediate reinstatement of the stay or request a stay of the dismissal order. Id.

On August 18, 2008, the debtor filed the pending Complaint for Violation of the Automatic Stay. A.P. Docket No. 1.

On September 17, 2008, the defendant filed a Motion to Dismiss the Complaint. A.P. Docket No. 9.

## II. Issue

The only issues before the Court are:

1. Whether the stay was in effect when the defendant repossessed the debtor's vehicle; and

2. Should the complaint be dismissed.

## III. Contentions

The debtor contends that the stay was in effect when the automobile was repossessed. The debtor concludes that the defendant violated the stay by repossessing the automobile without permission from this Court, and that the repossession caused the debtor damages.

The defendant contends that the stay was not in effect when it repossessed the automobile because the stay expired when the case was dismissed, and the stay was not reinstated when the debtor filed the pending motion for reconsideration.

## IV. Conclusions of Law

### A. The Stay was Not in Effect After the Case was Dismissed

The Court agrees with the defendant. The stay expired when the case was dismissed; therefore, it was not in effect when the automobile was repossessed. The filing of a motion to reconsider, without more, does not reinstate the stay.

The facts here are very similar to those in In re Rivera, 280 B.R. 699 (Bankr. S.D. Ala.2001). In Rivera the debtor's case was dismissed. The debtor filed a motion to reinstate the case. A creditor repossessed the debtor's automobile before the case was reinstated. The court held:

> The law as to the status of a dismissed case is "almost unanimous" that an order dismissing a case is not stayed pursuant to Fed. R. Bankr. P. 7062. In re Frank, 254 B.R. 368, 374 (Bankr.S.D.Tex.2000). An Eleventh Circuit Court of Appeals case, In re Lashley, 825 F.2d 362 (11th Cir.1987), cert. denied, 484 U.S. 1075, 108 S.Ct. 1051, 98 L.Ed.2d 1013, reh'g denied, 485 U.S. 1016, 108 S.Ct. 1493, 99 L.Ed.2d 720 (1988), held that a dismissal order was effective immediately without the entry of a stay pending appeal. The same reasoning would apply to a reinstatement.
>
> *************
>
> Debtors, based upon this ruling, must request expedited relief on motions to reinstate in order to protect against repossessions, foreclosures, garnishments, executions, and other state law collection remedies. There is no protection to a debtor once a case is dismissed.

Id. at 701.

The Court denied the debtor's motion to hold the creditor in contempt and granted the creditor's motion to dismiss the motion.

A similar situation occurred in In re Hill, 305 B.R. 100 (Bankr. M.D. Fla. 2003). In Hill the debtor's case was dismissed. A foreclosure sale was conducted before the case was reinstated. The court held:

> The Debtor did not convert the case, so the case was dismissed and the automatic stay was terminated upon dismissal as provided by § 362(c)(2). The Debtor filed a motion to vacate the order dismissing the case on May 24, 2002, within ten days of entry of the order dismissing the case, but filing the motion did not stay the dismissal of the case.
>
> The foreclosure sale took place on July 9, 2002.
>
> On July 18, 2002, the Court granted the motion to vacate the order dismissing the case, but vacating the order dismissing the case did not reimpose the automatic stay retroactively to the date of the order vacated.
>
> Accordingly, no stay was in effect at the time of the foreclosure sale and the filing of the Certificate of Sale.

Id. at 111.[1]

---

[1] See also In re Jose Alberto Garcia, Case No. 04-18175, 2005 WL 2452122 (Bankr. S.D. Fla. Apr 11, 2005) which reached the same conclusions.

This Court agrees with the above decisions from this Circuit. The stay expired when this debtor's case was dismissed. The debtor's motion to reinstate his case did not invoke the stay, and no stay was in effect when the automobile was repossessed. Therefore, the defendant could not have violated the stay.

### B. Motion to Dismiss

In regard to motions to dismiss, this Court is governed by the standards recognized in the per curiam opinion of the Court of Appeals for the Eleventh Circuit in Grossman v. Nationsbank, N.A., 225 F.3d 1228 (11th Cir.2000). That opinion reads in part:

> We review de novo a district court's order dismissing a complaint for failure to state a claim upon which relief could be granted. See Lopez v. First Union National Bank of Florida, 129 F.3d 1186, 1189 (11th Cir.1997) (citation omitted). When considering a motion to dismiss, all facts set forth in the plaintiff's complaint "are to be accepted as true and the court limits its consideration to the pleadings and exhibits attached thereto." GSW, Inc. v. Long County, 999 F.2d 1508, 1510 (11th Cir.1993). A complaint may not be dismissed pursuant to Rule 12(b)(6) "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Lopez, 129 F.3d at 1189 (internal quotations and citation omitted.)

Id. at 1231-32.

Applying this standard, the Court finds that, because the stay was not in effect when the repossession occurred, the debtor, "can prove no set of facts in support of his claim which would entitle him to relief." Id. Consequently, the complaint is due to be dismissed.

A separate order will be entered in conformity with this opinion denying the debtor's request for damages and granting the defendant's motion to dismiss the complaint.

Dated: June 29, 2009    /s/Benjamin Cohen
                        BENJAMIN COHEN
                        United States Bankruptcy Judge

BC:pb

4

Case 08-40073-BGC   Doc 26   Filed 06/29/09   Entered 06/29/09 10:19:31   Desc Main
Document      Page 4 of 4